BANKING HOUSE OF A. W. CLARKE, APPELLEE, V. JOHN M. WARD ET AL., APPELLANTS.

FILED FEBRUARY 15, 1911. NO. 16,303.

1. **Bills and Notes:** PLEADING: SUFFICIENCY. The petition alleged that while a general banking business was owned and conducted by one Clarke, in the name of "Banking House of A. W. Clarke," and was not incorporated, notes and securities were taken from defendant for money loaned him, payable to "Banking House of A. W. Clarke," and that afterwards the banking business was incorporated in the same name; that the corporation succeeded to the rights of the original payee, and that the amount of said notes and interest thereon is due to the plaintiff from the defendant upon said securities. *Held,* That this is a sufficient allegation of ownership by plaintiff.

2. ————: EVIDENCE OF OWNERSHIP. Evidence that notes and securities were taken for money loaned in the name of "Banking House of A. W. Clarke," which was then the business name of an individual who owned and was conducting a general banking business, and that afterwards the plaintiff was incorporated in the same name, "Banking House of A. W. Clarke," and succeeded to all the rights and interests of said business, together with possession of the papers which are offered in evidence, is sufficient *prima facie* evidence of ownership of the notes and securities.

APPEAL from the district court for Lincoln county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*Wells & Rosewater,* for appellants.

*H. Z. Wedgewood, contra.*

SEDGWICK, J.

One B. M. Webster contracted to sell a certain tract of land in Lincoln county to these defendants, John M. Ward and Albert G. Hamilton, and executed a written contract of sale which provided for payments to be made by the said Ward and Hamilton, and that, upon such payments being made as agreed, the said Webster should convey the said premises to the said grantees with good and sufficient warranty deed. Afterwards, in 1907, the defendant Hamilton sold and assigned his interest in the said contract to the defendant Ward, and the defendant Ward borrowed money of the Banking House of A. W. Clarke, of Papillion, and gave his several promissory notes therefor and assigned the said contract as security. At that time the "Banking House of A. W. Clarke" was not incorporated, but was owned and conducted by A. W. Clarke personally in that name. Afterwards the business was incorporated in the same name, and the said corporation is the plaintiff in this action. This action was brought to recover the amount due on said notes and foreclose the equity of redemption of the defendant in the said contract. The Packers National Bank of South Omaha intervened in the action, and alleged that it was the owner of said contract by assignment of the said defendant Ward, and as such was allowed to defend the same. The trial court found in favor of the plaintiff, and the defendants John M. Ward and the Packers National Bank have appealed.

The defendants insist that the allegations of the petition are not sufficient to support the decree. This objection is based upon the idea that the petition does not sufficiently allege the ownership by the plaintiff corporation of the notes and securities. The facts above stated are alleged in the petition, and that "on or about the 12th day of June, 1907, the defendants made an assignment in writing to the said Banking House of A. W. Clarke, to the rights of which the plaintiff has succeeded, of said land contract and their interest in the subject matter

thereof; all of which is more fully shown by a copy of said contract of assignment, marked 'Exhibit A,' and attached to and made a part of this petition," and that the amount of said notes and interest thereon, according to their terms, is due the plaintiff from the defendant John M. Ward upon the said securities. The assignee named in the assignment was "Banking House of A. W. Clarke," which is the corporate name of the plaintiff. At the time this assignment was made the banking business was not incorporated, and it is argued therefrom that the notes and securities do not belong to the present corporation. It is manifest, however, that the allegations of the petition are sufficient allegations of ownership, there having been no attempt to require a more specific allegation.

The evidence upon this point was objected to. It supports the allegation of the petition. A witness was called who testified that he had been familiar with this banking business for about ten years, and that the business formerly was conducted in the same name, "Banking House of A. W. Clarke," and that, when the bank was incorporated, it took over and succeeded to the business formerly conducted in that name. The plaintiff also introduced the notes and assignment, in all of which the payee is named, "Banking House of A. W Clarke," and without doubt the possession and presentment in court of these notes under these circumstances is sufficient *prima facie* evidence of ownership. The original contract for the sale of this land contained the provision: "That no assignment of the premises shall be valid unless the same shall be indorsed hereon, or permanently attached hereto, and countersigned by the first party.". It is objected that the assignment to this plaintiff was not indorsed upon the contract, and that the consent of Mr. Webster to the assignment was never obtained. This provision of the contract was for the benefit of the grantor, and could not prevent the grantee, Ward, from transferring his interest in the contract so as to make his assignee the real party in interest to enforce the same. It appears that final pay-

ment to the grantor Webster has not been made, and the decree of the court orders that the land be sold to satisfy the claim of the plaintiff against Ward. This sale, however, is to be made subject to the interest of Webster in the land, and these defendants are not in position to object to the form of the decree in that respect. Mr. Webster, not being a party to the suit, will not be bound by any proceedings of that sort, whether regular or irregular.

The decree of the district court is right, and is

AFFIRMED.